## JOSEPH BATCHELDER *vs.* CHARLES BATCHELDER.

A tenant at will is liable for rent until he has given the statute notice of his intention to quit.

If a judge, upon hearing evidence of an offer by a defendant to give his note for the sum in suit, rules that it is inadmissible, because the offer was made simply to avoid a suit, and instructs the jury to disregard it, the defendant has no ground of exception.

Questions as to the sufficiency of a declaration cannot be raised on a bill of exceptions.

CONTRACT for rent. The declaration was as follows : " And the plaintiff says the defendant owes him ten dollars and forty two cents for the rent of a certain tenement hired of the plaintiff by the defendant." At the trial in the superior court, the defendant objected that the declaration did not conform to the requisitions of the practice act, and did not sufficiently set forth the ground of the plaintiff's claim ; but the objection was overruled.

The plaintiff offered evidence to prove an offer by the defendant to give his note to the plaintiff for the amount in suit. *Wilkinson*, J. heard the evidence, by which it appeared that the

offer was accompanied by a statement that it was made simply to avoid a suit; and thereupon ruled that it was inadmissible, and, in his charge to the jury, instructed them to disregard it entirely.

· The defendant asked the court to instruct the jury that, if they were satisfied that the contract between the parties was that he might quit the premises whenever he pleased, no notice of his intention to quit was necessary; but the judge refused so to instruct them, and instructed them that, even if such was the contract, and the letting was for an indeterminate period, still a written notice of intention to quit was necessary, and that without such notice the defendant was liable.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. S. Chase,* for the defendant.

*D. Saunders, Jr., & E. J. Sherman,* for the plaintiff.

METCALF, J. We understand that the agreement of letting and hiring in this case was not in writing. The defendant was therefore a tenant at will, with the liabilities as well as the rights of other tenants at will; and the jury were correctly instructed that though the agreement was that he might quit when he pleased, yet he was liable for the stipulated rent until he had given to the plaintiff the statute notice of an intention to quit. Gen. Sts. *c.* 90, § 31. *Walker* v. *Furbush,* 11 Cush. 366.

The evidence concerning the defendant's offer made to the plaintiff, for the purpose of buying peace, was decided by the judge to be inadmissible, as soon as he had heard it; and his instruction to the jury to disregard it left to the defendant no legal ground of complaint. *Brown* v. *Cowell,* 12 Johns. 384. *Selkirk* v. *Cobb,* 13 Gray, 313.

The question as to the sufficiency of the plaintiff's declaration cannot be raised on this bill of exceptions. That question should have been raised, if at all, by demurrer. Gen. Sts. *c.* 129, § 11. It cannot be raised by an oral objection, nor by a written motion to abate the writ. It was open to the defendant to object that the declaration was not supported by the evidence. But he did not make that objection at the trial, and

cannot make it now. *Jones* v. *Fales*, 4 Mass. 254. The only objections made by him were, that the declaration did not conform to the requisitions of the practice act, and did not sufficiently set forth the ground of the plaintiff's claim. These objections were properly overruled ; being matters of demurrer only. The means used by the defendant, to defeat the action for want of a sufficient declaration, were not adapted to that end.                                    *Exceptions overruled.*