# APRIL TERM, 1865, AT DETROIT.

## Henry Woodrow v. Daniel Michael.

*Tenancy at will — notice to quit.* — Where premises were let at a fixed monthly rent, with the understanding that the tenant was to give up the possession whenever the landlord might require them for his own use; — *Held*, That such letting created a tenancy at will, which was only terminable by a full month's notice to quit a the expiration of one of the monthly periods for payment of rent.

*Heard April 6. Decided April 11.*

Error to Wayne Circuit.

Michael commenced proceedings before a Circuit Court Commissioner to recover possession of certain premises.

The case was brought to the Circuit Court by appeal, where the evidence tended to establish the following facts: "That the premises in dispute were leased to the defendant under the agreement that he should make certain specific repairs upon the house, and occupy them by himself, or a tenant, at a rent of twelve dollars per month, payable monthly, until the repairs were paid for by the rent; and that he might occupy them afterwards, till the plaintiff should want them for his own use, (no rate of rent being specified,) when he was to move out, and give them up to the plaintiff. That the defendant made the repairs, and occupied the premises from January, 1862, till the repairs were paid for, and afterwards till April, 1864, paying twelve dollars per month rent therefor. That in April, 1864, the plaintiff by his agent, notified defendant that if he kept the

WOODROW. v. MICHAEL.

premises any longer, he must pay fifteen dollars per month for them; that the defendant said he would not pay that sum, but that he did keep the premises and pay the increased rent, and that nothing further was agreed upon as to changing the terms of the letting in any other respect, and that no other change was made in the terms of holding the premises. That in August, 1864, the plaintiff wished· to move into the premises in dispute, and on the 26th day of August, notified the defendant, by the same agent who had had previous charge of the premises, that he wished to occupy the premises himself, and desired the defendant to give up the possession of the same to him. That the defendant said the agreement was that the plaintiff was to have the house when he wanted it, and that he, the defendant, would move out if ' he could find another house. That, subsequently, the plaintiff's agent again saw the defendant, and repeated the previous request, and the defendant then said that he could not find another house, and would not give up possession of the premises."

The defendant requested the Circuit Judge to instruct the jury that, if they found the agreement between the parties to have been that the defendant should occupy the house in question, at a fixed monthly rental, until the plaintiff should want it for his own use, the defendant's tenancy could not be determined except by a month's notice to quit, in writing.

The Circuit Judge refused to so instruct the jury, but did instruct them that, if the agreement between the parties was that the defendant should give up the possession of the premises whenever the plaintiff should want them for his own use, and the contingency had happened on which the defendant was to give them up, the term was ended without a month's notice to quit under the statute.

Exceptions were taken by the counsel for the defendant, and the jury having returned a verdict for the plaintiff, defendant brought writ of error.

*F. H. Canfield* and *A. Pond*, for plaintiff in error:

The term was entirely indefinite as to the period of its duration, and in this it possesses the chief characteristic of tenancies at will, as given by the authorities. — 1 *Greenleaf's Cruise*, 264; 4 *Kent Com.*, 111; *Taylor's Landl. and Ten.*, 59; 1 *Washburn on Real Prop.*, 370.

Although, by the terms of the agreement, the tenancy might be terminated at the will of the lessor only, it was legally determinable at the will of either party. — 1 *Washburn on Real Prop.*, 371; 1 *Greenleaf's Cruise*, 266; *Cheever v. Pearson*, 16 *Pick.*, 272.

There is a clear distinction between the agreement proved in this case, and that of a lease determinable upon the happening of a particular event, where no notice to quit is necessary.

The following cases are closely analogous to the one now before the Court for consideration: *Cudlip v. Rundall*, 4 *Modern R.*, 9; *Harrison v. Middleton*, 11 *Grattan*, 527; *Humphries v. Humphries*, 3 *Iredell*, 362; *Cheever v. Pearson, et al.*, 16 *Pick.*, 266; 1 *Washburn on Real Prop.*, 371, *note and cases there cited*.

The tenancy being at will, could only be determined by the notice required by the statute. — 2 *Comp. Laws*, §2807.

The following are cases of tenancies from month to month, in which it was held that a month's notice is necessary to terminate the relation of lessor and lessee between the parties: *Prescott v. Elm*, 7 *Cush.*, 346; *Prickett v. Ritter*, 16 *Ill.*, 96; *Seems v. McLees*, 24 *Ill.*, 192; *Anderson v. Prindle*, 23 *Wend.*, 616; *Coffin v. Lunt*, 2 *Pick.*, 70.

*Ward & Palmer*, for defendant in error:

That the event on which the lease was to be terminated was uncertain, is no reason why it should not have that effect if it did occur. — *Creech v. Crocket*, 5 *Cush.*, 133; *Hollis v. Pool*, 3 *Met.*, 350; *Ashley v. Warner*, 11 *Gray*, 43; *Howard v. Merriam*, 5 *Cush.*, 563.

CAMPBELL J.:

Defendant in error brought proceedings to evict plaintiff in error, as a tenant holding over after the expiration of his term. He showed, in the Court below, a tenancy from month to month, on the understanding that the tenant should give up possession whenever the · landlord should want the premises for his own use. The tenant failed, on demand, to yield possession — no notice having been given to terminate the tenancy, which he claimed to be an ordinary tenancy at will. The Court below charged that it was an estate which terminated on the happening of a contingency, without notice, and that the tenant held over wrongfully after such contingency occurred.

Without stopping to inquire whether an estate for an indefinite period, but terminable upon a contingency, can be created under our statute, by parol, we think that, where the alleged contingency consists merely in the expression of the landlord's desire · to resume the estate to his own enjoyment, the case is the simplest illustration of a mere tenancy at will, and comes strictly within its definition. It can only be determined by notice, which, in this case, should have been a full month's notice to quit, at the expiration of one of the monthly periods fixed for the payment of rent. The case is within the principle of *Huyser v. Chase*, decided at the last term.

Judgment must be reversed, with costs, and a new trial must be granted.

CHRISTIANCY and COOLEY JJ. concurred.