JUDGE HAB.DIN
delivered the opinion oe the court :
The appellant, Susannah CorneUison, sued the appel- • lee, who is her son, in an ordinary action, to recover a tract of land, alleged to contain about sixty acres.
The appellee resisted a recovery, both by a general denial of the material facts necessary to a recovery, and upon the further alleged ground that, for about ten years, during which time he had been in possession, he had worked and labored for the appellant, and paid her money to the amount of the value of the land, and at her request, and with the understanding between him and her, that, for these considerations, he was to have the land, and that she had acknowledged that he had fully paid her for the land, and promised and bound herself to make him a title; that on the faith of those promises he had made large and valuable improvements upon the land from time to time, and that it was unjust to take the land from him. The answer is made a cross-petition, with a prayer that appellant might be compelled to convey the title, and if not, that she be compelled to pay him the worth of the labor done for her in consideration of the land, and for the improvements thereon.
At the instance of the defendant, the cause was transferred to the equity docket.
The appellant filed an answer to the cross-petition, controverting the material averments thereof, and alleging that defendant had been her tenant upon the land, *151 and had executed his notes from time to time for the rent, . part of which remained unpaid.
Upon the issues thus formed, the court rendered a judgment, dismissing the action, from'which this appeal is prosecuted.
The evidence is contradictory, and much of it in its nature peculiarly unsatisfactory; but the following conclusions may be deduced from it with tolerable certainty:
1. That there was no written contract or agreement executed between the parties evidencing the sale or gift of the land to the appellee.
2. That Webster Cornellison entered upon and occupied the land as the tenant of the appellant, and, by several written agreements, stipulated for the payment of rent to her.
3. That she, at different times, entertained, or professed the intention, of giving or advancing him the land, and that Webster Cornellison, believing she would do so, made improvements upon the land on the faith that they would inure to his benefit as the ultimate owner of the land.
Having come to these conclusions as to the facts of the case, we proceed to consider the grounds on which the correctness of the judgment is questioned by the appellant, together with those upon which it is insisted for the appellee- that the appellant was not entitled to recover, although she held the legal title, and had not committed herself either to a sale or gift of the land by any memorial in writing.
Upon the assumption that the appellee was in possession, not merely as the tenant, but as the vendee of the appellant under a parol contract, it is urged for the appellee that, as has been repeatedly held by this court (Ford vs. Ellingwood, 3 Met., 363, and cases there cited), parol contracts respecting lands are not void; but are, *152 on the contrary, in many cases, efficacious as a shield to protect those claiming under them. Such parol contract, although not enforceable as a right of action in the appellee, was, nevertheless, an available defense for him in bar of the action to recover the land.
But, as was said by this court in Williams vs. Briscoe (1 Marshall, 167), “to authorize a court of equity to refuse its aid, on the ground of such a contract, its terms should be clearly and satisfactorily established, and the defendant should have either performed the contract or offered to perform it.” And, as already intimated, although the evidence is conflicting and unsatisfactory as to the tenure by which the appellee held the land at the time .the action was commenced, and it may be true, and probably is, that some understanding existed between the parties, on the faith of which the appellee improved the land, in the expectation that the appellant would not reclaim the possession, but would, at some future time, convey the fitje to him, still, we think the evidence tending to show such an understanding is too indefinite and uncertain to have authorized the judgment in this case in bar of the appellant’s claim.
But, while we are of the opinion that the judgment should be reversed because it is, in its nature, final and conclusive of the appellant’s title to the land, we are, nevertheless, of the opinion that she has not shown, hergelf entitled to a judgment of eviction in this action.
Regarding, as we do, the possession of the appellee as amicable and consistent with his continuing relation to the appellant as her tenant, and as it does not appear that he has set up claim, or sought to shelter himself .under any adversary title, nor that, by a notice from the appellant before the institution of her suit, or otherwise, the amicable character of the appellee’s possession had *153 been terminated when the action was commenced, it seems to us, according to a well-settled principle, that the action should have been dismissed, but without prejudice, and not absolutely.
It may be proper to suggest, however, that we regard the prosecution of this suit as dispensing with notice to terminate the tenancy of the appellant, should another suit be brought.
Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss both the original and cross-petitions, but without prejudice to any future action to enforce the rights of either party.