GEORGINE THOMAS and another

*vs.*

SANFORD STEAMSHIP COMPANY.

:Penobscot.    Opinion December 28, 1880.

</div>

*Landlord and tenant.    Tenancy at will—termination of.    Burden of proof.*

The defendants occupied the plaintiffs' wharf at Bangor for several years prior to April 1, 1877, under a parol agreement at a rent of twelve hundred dollars per year, payable quarterly, and on that day the agreement was renewed for another year on the same terms.

*Held*, that the agreement, under the statute, created a tenancy at will, which, by R. S., c. 94, § 2, could only be terminated by thirty days' notice in writing therefor, by one party to the other, or by mutual consent.

*Also held*, the defendants having claimed that the tenancy was terminated by mutual consent, that the burden is upon them to establish that fact.

ON REPORT.

Assumpsit for a quarter's rent of the Thomas Wharf in Bangor, from January 1, to April 1, 1878, $300. Plea, general issue. The court was to render judgment by nonsuit or default according to the legal rights of the parties. The facts are sufficiently stated in the opinion.

*A. W. Paine,* for the plaintiffs, cited: R. S., c. 94, § 2; *Withers* v. *Larrabee,* 48 Maine, 570; *Randall* v. *Rich,* 11 Mass. 494; Taylor's Landlord & Tenant, § 515; *Hesseltine* v. *Seavey,* 16 Maine, 212; *Amory* v. *Kannoffsky,* 117 Mass. 351; *May* v. *Rice,* 108 Mass. 150.

*Wilson & Woodward,* for the defendants.

The tenancy of defendants was a tenancy at will, and may permissively be determined by thirty days' notice in writing by either party, and not otherwise, except by mutual consent. R. S., c. 94, § 2.

The termination of the tenancy in the case at bar, was by mutual consent in law, under the facts developed in the case, as presented to the court. Sometime prior to October 10, 1877, Mr. Littlefield, the defendants' agent, notified the person whom Mr. Bright, plaintiffs' agent, had left in his place and stead, that he thought he should not want the wharf after that quarter, therefore the mind of Mr. Bright was prepared, when on the first day of January, 1878, Mr. Downes called upon Mr. Bright to pay the rent and surrender the premises; this was accomplished by the surrender of the key and the acceptance of the same by Mr. Bright.

The court, having authority to draw inferences as a jury might, will not hesitate to conclude, that when a key is handed to the landlord, with a check for his rent, and the statement that they had removed every thing the day before, and the landlord takes the check and key, and deliberately makes out and gives a receipt, and retains the key, making no opposition or objection to the surrender, the landlord accepts the surrender. *Withers* v. *Larrabee,* 48 Maine, 570; *Amory* v. *Kannoffsky,* 117 Mass. 351.

LIBBEY, J.    The defendants had been occupying the plaintiffs' wharf in Bangor for several years prior to April 1, 1877, under a parol agreement, at a rent of $1200 per year, payable quarterly, and on April 1, 1877, the agreement was renewed for another year on the same terms.    The defendants occupied the wharf to December 31, 1877, and paid the rent to January 1, 1878. This action is for the rent from January 1, to April 1, 1878.

The agreement between the parties, under our statute, created a tenancy at will.    By the statute, (R. S., c. 94, § 2,) it could be terminated only by thirty days' notice in writing therefor by one party to the other, or by mutual consent.

It is not claimed that it was terminated by the defendants by thirty days' notice in writing therefor; but it is claimed by them that it was terminated by mutual consent, and here arises the contention between the parties.    The burden of proof is upon the defendants to establish this fact.

The following facts appear to be established by the evidence : When the rent due October 1, 1877, was paid, the defendants' agent caused to be communicated, verbally, to the agent of the plaintiffs that he thought the defendants would not want the wharf after the next quarter; about a week afterwards the plaintiffs' agent wrote the defendants' agent, in substance, that he was surprised that they were going to remove from the wharf; that he thought they ought to keep it another quarter; that the lease commenced in April, and should end in April.    To this letter the defendants' agent replied, but his reply is not in evidence, and we cannot, therefore, infer that it is favorable to the defendants.

On the 31st of December, the defendants removed all the property they had on the wharf, and ceased to occupy it after that time.    On the first day of January, 1878, the defendants' clerk went to the plaintiffs' agent to pay the the rent, handed him a check and the key to a small store house, the only building on the wharf, saying, "here is a check and the key; we moved everything yesterday."    He took the check and the key and made a receipt for the rent.    Nothing was said about taking the key, or about giving up the wharf.    The wharf was unoccupied till April 1, 1878.

The plaintiffs' agent in no way consented to the termination of the tenancy unless the foregoing evidence proves it.

The delivery of the key by the tenant, and keeping it by the landlord, are not sufficient to show a surrender of the premises by the tenant and an acceptance by the landlord, unless that appears to be the intention of the parties. *Withers* v. *Larrabee*, 48 Maine, 570, and cases there cited.

The authorities establish the proposition that the surrender of the premises by the tenant, and taking possession by the landlord, are sufficient to show a termination of a tenancy at will. *Amory* v. *Kannoffsky*, 117 Mass. 351, and cases cited.

In this case there was no acceptance of the possession, and occupation of the premises by the plaintiffs, but they remained unoccupied.

To show that the tenancy was terminated by mutual consent, it must appear that the minds of the parties met and agreed or assented to the fact. It is not sufficient that the premises are abandoned by the tenant and that the fact is known by the landlord, but it must appear that he consents to it. Here the tenant had expressed a probable desire to terminate the tenancy on the first day of January. The landlord had objected, on the ground, in substance, that the rent was fixed by the year; that the year commenced on the first day of April, and that the tenancy should terminate on that day, the quarter from January 1, to April 1, being of but little value, as the river was closed to navigation. This being the position of the parties, and understood by them, we do not think that what occurred between the defendants' clerk and the plaintiffs' agent on the first day of January, proves a termination of the tenancy by mutual consent. The defendants are, therefore, liable.

*Defendants defaulted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.