WILLIAM ROLLINS *vs.* RICHARD C. MOODY and another.

Kennebec. Opinion March 8, 1881.

*R. S., c. 94, § 2. Tenancy at will. Liability of tenant for rent, how terminated.*

In this state, a tenancy at will can be determined by either party by thirty days' notice in writing for that purpose given to the other party, and not otherwise except by mutual consent.

Where a tenant without written notice, or the consent of the landlord, abandons the possession of premises verbally leased to him, his liability for rent continues for whatever period may elapse before the tenancy becomes terminated by written notice, or until possession of the premises may be accepted by the landlord.

EXCEPTIONS from superior court, Kennebec.

The facts sufficiently appear in the opinion.

*H. S. Webster*, for the plaintiff.

*Henry Farrington*, for the defendants.

R. S., c. 94, § 2, provides that "all tenancies at will may be determined by either party by thirty days' notice in writing for that purpose given to the other party, and not otherwise except by mutual consent." Under this statute, for how long a time,

is a tenant at will, liable to pay rent for premises he has vacated and given up to his landlord, simply because his notice to the landlord was verbal and not in writing?

The defendants contend, if no time was fixed by the parties, at which rent should be payable, that they are liable to pay rent only for thirty days after the plaintiff had notice that they had vacated his store.

That if it is inferable from the facts stated in the exceptions, that they were to pay the rent semi-annually, then that they are liable to pay rent for the succeeding term of six months after they vacated at the end of the third term or eighteen months and no more.

But for the words " and not otherwise except by mutual consent" in the present statute, it would be easy to determine this case by *Withers* v *Larrabee*, 48 Maine, 570, in which it was held in a similar case under R. S., 1841, c. 95, § 19, and the rent was payable quarterly, that the tenant who quit without giving the statute notice in writing, was liable to pay rent for the succeeding quarter and no more.

That statute was precisely like our present statute, excepting the length of notice required and the words " and not otherwise except by mutual consent."

In *Whitney* v. *Gordon*, 1 Cush. 266, — under a statute precisely like the provision in the statutes of 1841 — a case in which rent was payable quarterly and the tenant left at the end of a quarter, without giving the statute notice, it was held that the tenant was liable, *prima facie*, for the second quarter.

The same doctrine was held in *Walker* v. *Furbush*, 11 Cush. 366; 2 Allen, 105, and.108 Mass. 553, and in no case in Maine or Massachusetts has a different rule been adopted under the statutes referred to.

In *Wilson* v. *Prescott et al.* 62 Maine, 115, it was held that " the expiration of the thirty days' notice must be coincident in point of time with a pay day of rent." *Cameron* v. *Little*, 62 Maine, 550; *Robinson* v. *Deering*, 56 Maine, 357; *Goodenow* v. *Allen*, 68 Maine, 308.

In *Esty* v. *Baker*, 50 Maine, 333, and *Young* v. *Young*, 36 Maine, 133, it was held that tenancies at will by the common law,

could be determined at the will of either party without notice, while a tenancy at will by statute, could only be determined by notice. It seems, therefore, a reasonable inference that the legislature intended by the words " and not otherwise except by mutual consent" to include all tenancies at will whether by the common law or by statute and to supersede all the common law methods of terminating tenancies at will. *Cunningham* v. *Horton*, 57 Maine, 420. That this was the intention of the legislature rather than to make a different rule as to the liability of tenants, than that adopted in *Withers* v. *Larrabee, supra.*

While it is easy to see that such may be the effect of these words, it is difficult to see how and why the tenant's liability for rent should be any different under the present statute than under the provisions of R. S., 1841, to which reference has been made.

PETERS, J. The parties agreed upon a verbal lease of a store for five years. This created only a tenancy at will. Under our statute, such a tenancy can be determined by either party " by thirty days' notice in writing for that purpose given to the other party, and not otherwise except by mutual consent."

After occupying a year and a half, without giving any written notice at all, the defendants abandoned the store, leaving it unoccupied for two years. The plaintiff knew of the abandonment and refused to accept possession. The rent was payable half yearly. The action is to recover, among other claims, for the use and occupation of the store for those two years.

The defendants contend that their liability for rent is limited to the period at the expiration of which they could have surrendered the store had written notice been given; that thirty days' notice could have been served during the first six months terminating the tenancy at the end of the six months; and that therefore six months' rent only can be recovered. The argument is, that the notice required is of an intention to terminate the tenancy, and not a notice of the fact that the tenancy has been terminated; that the object of notice would be to inform the landlord when the premises would revert to him, so that he may have a reasonable opportunity to relet them; and that no such

notice could be necessary where the landlord has had actual knowledge that his store had been abandoned to him.

If this action were one for damages for an abandonment of the premises without notice, the argument would be good. A tenant at will, evicted by his landlord without notice, may recover damages for being deprived of the use of the premises for such term as he was entitled to occupy before his tenancy could be legally terminated. The same rule applies conversely, when the landlord sues for damages instead of rent. *Ashley* v. *Warner*, 11 Gray, 43 ; Sedg. on Dam. (7th ed.) 1 vol. 391. But either side can avoid being subjected to such a rule of damages. The tenant can resist an eviction without notice and hold his possession, and the landlord can refuse to accept the possession when without notice it is attempted to be thrown upon him. So here, the landlord refusing to take possession, the tenancy did not become terminated at the end of the six months, and could not be until notice was given. It is not pretended that the tenancy could expire before the end of the first six months. Why at the end of any term of six months? The longer the postponement of notice the longer the lease. The landlord could never drive the tenant from the premises without notice. But the rights of the parties are reciprocal. If the landlord, (as the relation is described by authors) tacitly renews his verbal lease at the end of every pay day by an omission to serve notice to quit before that time, so does the tenant tacitly renew his promise from pay day to pay day as long as he neglects to give the notice required of him. Until notice given, the tenant is conclusively presumed to control the possession whether he actually occupies or not. "It is an occupation which he could have had, had he not voluntarily abstained from it." *Whitehead* v. *Clifford*, 5 Taunt. 518. The tenants in this case could have resumed possession at any time before their abandonment of the store was accepted by the landlord.

We have seen no case where the precise point involved here has been distinctly raised and judicially determined, unless it is so in *Withers* v. *Larrabee*, 48 Maine, 570, cited and relied upon by the defendants. That case seems to decide that only one

quarter's rent was recoverable, where two were sued for under circumstances like those existing in the case at bar. The question was not discussed at all in that case, and the result seems to have been taken as admitted, upon the settlement of the other questions that received the attention of the court.

The Massachusetts cases relied upon do not help the defendants. *Whitney* v. *Gordon,* 1 Cush. 266, decides that one quarter's rent was recoverable; but only one was sued for. In *Walker* v. *Furbush,* 11 Cush. 366, only one quarter's rent was sued for. *Batchelder* v. *Batchelder,* 2 Allen, 105, was a similar case with a similar result, METCALF, J. putting the case upon the principle that "the tenant was liable for the stipulated rent until he had given to the plaintiff the statute notice of an intention to quit." The books contain many declarations of a general character which support the principle which the case before us depends upon. *Redpath* v. *Roberts,* 3 Esp. 225; *Barlow* v. *Wainwright,* 22 Vt. 88; *Hall* v. *Western Transportation Co.* 34 N. Y. 291; Wheaton's Selwyn, N. P. 521; Taylor's Land and Ten. § § 641, 647; 1 Wash. Real Prop.; Estates at Will.

In *Pergsley* v. *Aikin,* 1 Kernan, 494, it is said, alluding to cases cited in the opinion, "The doctrine of these authorities, when analyzed, amounts to this : that when a tenancy from year to year is created by the parties, it continues until terminated by a legal notice. The estate does not depend upon a continuance of the possession ; for the tenant cannot put an end to the tenancy, or his liability for rent, by withdrawing from the occupation of the premises. The notice is a condition of the contract, in the language of the authorities, arising out of it, which must be complied with, in order to absolve him from further responsibility." The defendants by an abandonment of the possession without the statutory notice violated their agreement, but did not terminate the tenancy. *Wood* v. *Wilcox,* 1 Denio, 37. The rulings were more favorable to the defendants than they were entitled to.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.