CLOTHILDE LE TOURNEAU ET AL. v. DARWIN B. SMITH.

*Tenant at will—Notice to quit.*

A tenant who is allowed to hold from year to year so long as no other tenant is found before the expiration of his term, is a tenant at will; and if he pays rent monthly he is entitled to a full month's notice ending with the year before proceedings can be taken to evict him. How. Stat. § 5774.

Error to Wayne. (Jennison, J.) April 16.—April 23.

PROCEEDINGS to recover possession. Complainants bring error. Affirmed.

*Levi T. Griffin* for appellants. A sale by a lessor within the term for which the premises are rented puts an end to the lease absolutely at the end of the term: *Jochen v. Tibbells* 50 Mich 33; see *Beller v. Robinson* id. 264; *Delashman v. Berry* 20 Mich. 292; *Ashley v. Warner* 11 Gray 43; *Miller v. Levi* 44 N. Y. 489; *Chamberlain v. Brown* 2 Doug. (Mich.) 120; *Hogsett v. Ellis* 17 Mich. 351.

*Russel & Campbell*, for appellee, cited *Shaw v. Hoffman* 25 Mich. 172; How. Stat. § 8296; *Bush v. Dunham* 4 Mich. 339; *Bryan v. Smith* 10 Mich. 229; *Allen v. Carpenter* 15 Mich. 32; *Vos v. Dykema* 26 Mich. 399; *Bennett v. Robinson* 27 Mich. 29; *McGuffie v. Carter* 42 Mich. 497.

SHERWOOD, J. Plaintiffs leased to the defendant two rooms on the ground floor of a building owned by them on Jefferson avenue, in Detroit, for $500 per year, payable monthly in advance. It was provided in the lease that if, at or before the expiration of the term, the plaintiffs should find a tenant for the whole building, Smith might continue in possession of the whole building, taking a lease therefor for five years, at a rental of $1500 per year, and with a further provision as follows:

" It is further understood and agreed that in case the said parties of the first part do not find a tenant for the whole building at or before the expiration of the within lease, the

said party of the second part can have said rooms within leased for another year, at the same price, to-wit, $500 per year, and upon terms and conditions like those expressed in the within lease, and that the same privilege is hereby given to the said party of the second part each year until April 1st, 1886, if the said parties of the first part do not find a tenant for the whole of said building within that time."

Up to April 1st, 1882, no tenant for the whole building had been found. Smith, however, continued to occupy his two rooms. In January, 1883, the plaintiffs made a lease of the whole building to Marvin Preston, and on the 13th of March following the plaintiffs gave Smith notice to quit on or before April 1st, 1883. Smith refused to leave, and summary proceedings were had against him by the plaintiffs before a circuit court commissioner to obtain possession of the rooms, and in which possession was awarded to the plaintiffs. The defendant appealed to the circuit court, where, upon a hearing had, the judgment before the commissioner was reversed and the proceedings dismissed, and from this judgment the plaintiffs appealed to this Court.

The only questions raised are: Was any notice to quit necessary before taking proceedings to remove the tenant? and if so, what notice was required? The defendant was a tenant from year to year until the plaintiffs rented the whole premises to some other person, as they might do under the contract between the parties, and after that time became a tenant at will. Such being the relation of the parties, he was, under the decision of this Court, entitled to notice to quit, under How. Stat. § 5774. In such cases a notice of three months is necessary unless the rent received is payable at shorter intervals. Under the agreement between the parties it was made payable monthly; a month's notice, ending with the year, under the agreement of the parties, therefore became necessary, and should have been given the defendant before taking the proceedings had in this case. *Woodrow v. Michael* 13 Mich. 187; *Shaw v. Hoffman* 25 Mich. 172.

The judgment must be affirmed with costs.

The other Justices concurred.