## C. A. BETZ v. W. S. MAXWELL.

1. TENANCY AT WILL—*Notice.* Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another for three months or less. (Gen. Stat. of 1889, ¶ 3613.)

2. ——— *Waiver of Notice.* The 30 days' notice prescribed by statute to be given by a tenant to terminate a tenancy at will, like almost every other species of notice required by law, may be waived by the landlord.

3. ACTION FOR RENT—*Effect.* Where the landlord has actual notice that a tenant at will, who is to pay his rent monthly, is about to remove and vacate his premises without written notice as prescribed by the statute, and the landlord brings an action against him for rent and recovers for one month, being one rent period, after actual notice, and for the full time of occupancy, such actual notice and conduct of the parties terminate the tenancy at will, and the landlord cannot recover any rent for the vacated premises in another action for a subsequent month or rent period.

*Error from Harvey District Court.*

ACTION by *Maxwell* against *Betz* to recover for rent. Judgment for plaintiff. The defendant brings the case here. The opinion states the facts.

*Ady, Peters & Nicholson,* for plaintiff in error.
*Brown & Kline,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On November 9, 1887, C. A. Betz, with the assent of W. S. Maxwell, the owner of the premises, took possession of a store building on lot 4, block 39, in the city of Newton, as a tenant at will. The rent was to be $50 a month. On November 23, 1887, Betz began to remove his property from the leased premises, and on that day Maxwell brought an action against him to recover $624, which he claimed as rent for the building for one year, from October 1, 1887, to October 1, 1888. At the commencement of that action, Maxwell filed an affidavit for attachment, under the provisions of ¶ 3636, General Statutes of 1889. Betz removed the last of his goods and vacated the premises on December 8, 1887. The case was tried on the 1st day of October, 1888, and Maxwell obtained judgment for $77.14, and costs. The court, in that action, allowed Maxwell rent from November 9, to December 23, at $50 a month, amounting to $77.14 in all. This judgment Betz paid. On the 27th day of October, 1888, Maxwell brought another action against Betz, for $500, as rent of the same premises for 10 months, from December 23, 1887, to October 23, 1888, at the rate of $50 per month. The answer of Betz contained a general denial, and also set up the former recovery of rent for $77.14. To this Maxwell filed a reply. On the 28th of February, 1889, trial was had before the court without a jury. Judgment was rendered in favor of Maxwell and against Betz for $525. Betz excepted, and brings the case here.

It is contended upon the part of Betz, that as he began to remove from the premises on November 23, 1887, and as Maxwell had actual notice of his intention to cease occupying the premises, and as he (Maxwell) acted upon such notice by commencing an action by attachment to recover the rent, and as he obtained in that action judgment for rent up to the 23d

day of December, 1887, being one rent period after actual notice of Betz's intention to vacate the premises, Maxwell had no claim for rent after that date.

The opposite contention of Maxwell is, that as the statute provides that "30 days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another for three months or less," (Gen. Stat. of 1889, ¶ 3613,) therefore, that a tenancy at will cannot be terminated in any other way than by giving the notice prescribed.   Counsel for Maxwell say:

"It is absurd that an abandonment of the premises amounts to notice; for, when a tenancy at will is created, it continues until terminated by a legal notice.   The estate does not depend upon a continuance of possession; for a tenant cannot put an end to the tenancy and his liability for rent by withdrawing from the occupation of the premises.   The notice is a condition of the contract, arising out of it, and must be complied with in order to absolve him from further responsibility. Betz, by an abandonment of the premises without the statutory notice, violated the agreement, but did not terminate the tenancy.   He was not bound to occupy the premises, but he still had the right of possession and the right to occupy for all time, until the required notice was given by either party." (*Whitehead v. Clifford,* 5 Taunt. 518; *Rollins v. Moody,* 72 Me. 135; *Barlow v. Wainwright,* 22 Vt. 88; *Batchelder v. Batchelder,* 84 Mass. 105; *Thomas v. Steamship Co.,* 71 Me. 548; *Woodrow v. Michael,* 13 Mich. 187.)

We think that the better reason supports the contention of Betz, the defendant below.   The 30 days' notice prescribed by the statute as necessary to terminate a tenancy at will, like almost every other species of notice required by law, may be waived.   If a tenant at will quits the demised premises without giving the notice required by law to terminate the tenancy, and the landlord resumes actual possession of the premises at once, no statutory notice is necessary to terminate the tenancy, and the landlord cannot recover rent for the premises after he has resumed possession thereof.   It was decided in *Cornellison v. Cornellison,* 1 Bush, 149, that where a notice is necessary to a tenant in possession for years, before an action can

be properly commenced against him for the recovery of the premises, an action commenced without such notice and dismissed before trial answers for all purposes the giving of a notice. Thereafter, an action for possession can be brought without notice to terminate the tenancy.

In *Whitney v. Gordon,* 1 Cush. 266, it was distinctly announced by Shaw, C. J., that a tenant who quitted at the end of a quarter without giving legal notice was *prima facie* liable, in an action for use and occupation, for the amount of another quarter's rent. (See, also, *Walker v. Furbush,* 11 Cush. 366.)

Betz had the right to terminate his tenancy by giving 30 days' notice in writing. Maxwell knew, on the 23d day of November, 1887, when he commenced his action and filed his affidavit, that Betz was removing from the leased premises because the building was not fit for his business. Soon thereafter, on December 8, 1887, he ceased to occupy the premises and offered the keys to Maxwell, who refused them. It is not claimed or pretended by anyone that, after the 8th of December, 1887, Betz occupied the premises in any way. In the action commenced by Maxwell on the 23d day of November, 1887, when Betz commenced to vacate the premises, he recovered for the rent, not only to November 23, 1887, but also for one rent period thereafter, namely, 30 days, up to and including December 23, 1887. That judgment has not been appealed from. On the other hand, Betz paid the same, with all costs. Maxwell is bound by the judgment rendered, of which he has accepted payment. As he has recovered from Betz for one rent period after actual notice and after commencing his action for rent, and as such judgment has been paid and accepted, we think the special notice prescribed by the statute was thereby waived. In other words, it was unnecessary. It would have served no useful purpose. If Maxwell had not received his money in the first action for the rent to December 23, 1887, it is probable he would have been entitled to recover for 30 days, or one rent period, from the 8th of December, 1887, the date of final abandonment of the premises.

The trial court should have admitted the evidence excluded, but perhaps this error was not very material, because there was other evidence offered clearly showing such a state of facts as to prevent any recovery of rent by Maxwell against Betz after the date of December 23, 1887.

The judgment will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.