No. 29,047.

ADDIE MCALLISTER, *Appellee*, v. HOWARD A. MILLER, *Appellant*.

(285 Pac. 532.)

Opinion filed March 8, 1930.

*Tom Harley,* of Wichita, *James A. McDermott* and *Richard B. McDermott,* both of Winfield, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *Getto McDonald,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case involves the question of the termination of a tenancy at will from month to month without giving the thirty-day statutory notice, by the abandonment of the premises by the tenant and filing of a divorce action against his wife, who continued to occupy the premises when the landlady had knowledge of such facts; and the further question of whether the landlady is estopped from enforcing such contract for the unpaid rent by having received the rent for many months from the wife. The court rendered judgment against the tenant for eleven months'

rent ending June 1, 1928, at $70 per month, less a payment of $100, or $670, from which judgment he appeals.

The appellee relies wholly upon the obligation of the tenant to pay rent under the contract as a tenant at will from month to month, until he terminates such tenancy by service of the thirty-day notice required by R. S. 67-504, and does not invoke the aid of the court on the ground of liability of the husband for necessaries in the way of a home, furnished the wife.

The court found that a contract between landlord and tenant had been created and there was no evidence of its having been terminated during the time involved in this action. It is admitted that there was no formal statutory notice given by the tenant to terminate the lease.

The appellant leased an apartment from the appellee owner in July, 1925, for $70 per month, and moved his family, consisting of himself, his wife and his wife's brother, into the apartment August 1, 1925. He was in the apartment only two days and nights until he was taken ill and was removed to the hospital, where he remained until the second day of April, 1926, and never returned to the apartment except to get some clothing; and filed an action against his wife for divorce the day after leaving the hospital. He never paid any rent directly, but his wife looked after that matter.

The court allowed the wife $100 per month as temporary alimony. The divorce case did not reach final trial until April, 1928, a little more than two years after it was commenced, and during the latter part of that intervening period the court did not enforce the payment of the temporary alimony, and only $400 was paid during the eleven months before the conclusion of the case, which was in May, 1928. The court granted the husband a divorce and divided the property, awarding the wife $1,227 in cash as permanent alimony.

The wife vacated the apartment a few days later on the first of June, 1928.

The appellee, the landlady, occupied another apartment in the same building and was a witness in the divorce suit and knew of its pendency from the time it was filed.

Appellant relies strongly upon the decision in the case of *Betz v. Maxwell*, 48 Kan. 142, 29 Pac. 147, where the court held:

"The thirty days' notice prescribed by statute to be given by a tenant to terminate a tenancy at will, like almost every other species of notice required by law, may be waived by the landlord." (Syl. ¶ 2.)

It will be observed that the court stated such notice *may be waived*, and in the next paragraph of the syllabus briefly stated the facts of that case under which it was held that the notice was waived by the acts and conduct of the landlord.

"Where the landlord has actual notice that a tenant at will, who is to pay his rent monthly, is about to move and vacate his premises without written notice as prescribed by the statute, and the landlord brings an action against him for rent and recovers for one month, being one rent period, after actual notice, and for the full time of occupancy, such actual notice and conduct of the parties terminate the tenancy at will, and the landlord cannot recover any rent for the vacated premises in another action for a subsequent month or rent period." (Syl. ¶ 3.)

Appellant also cites 35 C. J. 1128 and 1130 to the effect that tenancy at will may be terminated by operation of law and by change in the character of the tenancy; also, 16 R. C. L. 1153, as follows:

"A surrender of a lease by operation of law results from acts which imply mutual consent independently of the expressed intention of the parties that their acts shall have that effect. It is by way of estoppel."

Of course, implied mutual consent furnishes the tenant the same relief from his obligation as express consent, but the acts in this case with reference to the payment of rent were substantially the same after the filing of the divorce action as before. All the payments of rent were made by the wife. The landlady knew of the pendency of the divorce action, but if she knew any of the details about it she also knew that the plaintiff was ordered to pay $100 per month as temporary alimony, which would be $30 more than what was due her for rent. There was nothing in these circumstances of abandonment of the premises by the appellant to indicate an intention to avoid the obligation of rent during the pendency of the divorce action, and nothing whatever to imply that the landlady was consenting to his release and accepting his wife as a tenant.

"While the occupancy by some one other than the lessee is a circumstance to show a surrender, yet as the new occupant may enter as the tenant of the lessee, or as his assignee, or even as a trespasser, and thus his occupancy be consistent with the continuance of the first lease, it is absolutely essential that it should be clearly proved that the original lessee assented to the termination of his term. In short, it must be proved that the lessor and lessee mutually agree to a surrender of the term." (16 R. C. L. 1155.)

The appellant also had such an ownership or contingent interest in the household goods in the apartment as seemed to require mention in the decree and making of an order disposing of them, which is not in accord with the appellant's theory of complete abandonment of the premises. Even if the appellant did attempt and intend complete abandonment of the premises, it is not effective for the purpose of terminating the tenancy until something is done by the lessor with reference to the premises or in recognition of the one actually occupying them to constitute a waiver, as was shown in the Betz-Maxwell case, *supra*.

We conclude that neither the abandonment of the premises by the appellant in this case nor the commencement of the divorce action, both within the knowledge of the appellee, nor the acceptance of the rent by the appellee from the wife of the appellant as it had always been paid, nor all these circumstances together would constitute a termination of the tenancy by the conduct of the parties, nor a waiver by the appellee of the required notice of termination of the tenancy, nor work an estoppel of the appellee from claiming the rent from appellant for the period covered by the pendency of the divorce action.

The judgment is affirmed.