## ROBERT O. ANDERSON AND ANOTHER v. A. J. RIES.[1]

November 1, 1946.

No. 34,292.

*Lewis L. Anderson,* for appellant.
*Cummins, Cummins & Christianson,* for respondents.

PETERSON, JUSTICE.

Defendant appeals from the judgment for the restitution of an apartment recovered by plaintiffs in an action for unlawful de-

[1]Reported in 24 N. W. (2d) 717.

tainer. The issues concern plaintiffs' right to possession and the necessity for their giving defendant statutory notice to quit.

The facts established by the verdict are that plaintiffs were in possession of the apartment as tenants at will of the owner on a month-to-month basis at a monthly rental of $55 payable on the first day of the month; that on February 8, 1944, they orally subleased the apartment to defendant; that the arrangements for the sublease were made at the owner's home, where plaintiff Irene Anderson, defendant, and the owner and his wife met for the purpose; that plaintiffs, acting through plaintiff Irene Anderson, with the owner's consent, subleased the apartment to defendant during such time as plaintiff Robert O. Anderson should be in the armed forces of the United States, in which he was then serving, and upon the condition and agreement that defendant would vacate and surrender the premises to plaintiffs when plaintiff Robert O. Anderson returned to St. Paul from such service. Defendant took immediate possession of the apartment under the sublease and has occupied the premises thereunder continuously ever since. He reimbursed plaintiffs for the rent from the date of the sublease to the end of February 1944. In accordance with the arrangements for the sublease, he paid subsequent rents to the caretaker of the building, who was the owner's agent in charge thereof. While the owner consented to the sublease, he did not agree either that plaintiffs' tenancy should continue until plaintiff Robert O. Anderson should return to St. Paul from the armed forces or that defendant should have the right to occupy the premises until that time. Both before and after the sublease, the owner listed plaintiffs as his tenants under a registration with OPA.

On January 30, 1946, plaintiff Robert O. Anderson advised defendant by letter that he would want possession of the apartment "soon." On March 5, 1946, he returned to St. Paul from the armed forces. On March 7, 1946, plaintiffs served upon defendant a notice to vacate, stating that the plaintiff Robert O. Anderson had returned to St. Paul from the armed forces and that possession of the premises was demanded on or before March 18. At the same

time, a copy of such notice to vacate was mailed to the OPA as required by its regulations. No notice to quit under Minn. St. 1945, § 504.06, was served.

Here, as below, defendant contends that plaintiffs were not entitled to maintain this action for unlawful detainer, upon the grounds: (1) They did not sustain to defendant the relation of landlord and tenant; and (2) they did not serve upon defendant a statutory notice to quit. In support of the first contention, it is argued that the sublease constituted an exercise by plaintiffs of their right to terminate the tenancy at will, which terminated whatever right to possession they may have had, and that it operated as an assignment to defendant of the whole of plaintiffs' rights as tenants at will, with the consequence that they had no rights to possession or otherwise as against defendant. In support of the second ground, defendant urges that if he was a tenant of plaintiffs he was a tenant from month to month and, as such, entitled to the statutory notice to quit. Plaintiffs' contentions are that the sublease was good as between the parties regardless of what effect it may have had on the legal relationship between them and the owner as their lessor, and that no notice to quit was necessary, because defendant's tenancy under the sublease was terminated automatically by the return of plaintiff Robert O. Anderson from the armed forces as the happening of a condition subsequent, or a conditional limitation, which had such legal effect.

■ A sublease by a tenant at will is good as between the parties where the sublessee enters under the sublease and enjoys the premises. Holbrook v. Young, 108 Mass. 83; Meier v. Thiemann, 15 Mo. App. 307 (reversed on other grounds, 90 Mo. 433, 2 S. W. 435); 35 C. J., Landlord and Tenant, § 337, note 95; 32 Am. Jur., Landlord and Tenant, § 396; 1 Washburn, Real Property (6 ed.) § 765; Woodfall, Law of Landlord and Tenant (24 ed.) p. 27. True, the cases abound with expressions to the effect that a tenant at will cannot transfer his interest to a third party.[3] It is said

---

[3]See, McLeran v. Benton, 73 Cal. 329, 14 P. 879, 2 A. S. R. 814; Cunningham v. Holton, 55 Me. 33; Cooper v. Adams, 60 Mass. (6 Cush.) 87; Say v. Stoddard, 27 Ohio St. 478; 35 C. J., Landlord and Tenant, § 359.

that a tenant at will has no interest or estate capable of being transferred or out of which he can create any estate in another. As pointed out in Public Service Co. v. Voudomas, 84 N. H. 387, 390, 151 A. 81, 83, 70 A. L. R. 480, where the pertinent cases are reviewed, such expressions are used generally in cases involving the rights of the owner against a sublessor or sublessee and not in cases involving rights as between a sublessor and sublessee. Expressions of the sort mentioned are characterized in the Voudomas case as "unguarded language."

The rationale of these cases is that the relation between the owner of the land and a tenant at will is a purely personal one, terminable at the will of either party; that a sublease by a tenant at will determines the will and consequently terminates his tenancy, and that by putting the sublessee in possession he becomes a disseisor of the owner. The rule that a sublease by a tenant at will accompanied by delivery of possession of the premises to the sublessee terminates the tenancy at will is based upon common-law rules of seisin and is traced in the cases directly to Coke upon Littleton, p. 57.a., which reads:

"[i] If tenant at will granteth over his estate to another, and the grantee entereth, he is a disseisor, (3) and the lessor may have an action of trespasse against the grantee; for albeit the grant was void, yet it amounteth to a determination of his will."

Thus, we are reminded again, as we were in Ambrozich v. City of Eveleth, 200 Minn. 473, 483, 274 N. W. 635, 640, 112 A. L. R. 269, 276, that many of the settled rules of the law of landlord and tenant are of ancient origin, and, as we there said, quoting from Mr. Justice Holmes in Gardiner v. William S. Butler & Co. Inc. 245 U. S. 603, 605, 38 S. Ct. 214, 62 L. ed. 505, 506: "* * * the law as to leases is not a matter of logic *in vacuo;* it is a matter of history that has not forgotten Lord Coke."

While the text of Coke upon Littleton seems to mean, if read literally, that a sublease by a tenant at will accompanied by possession taken by the sublessee *ipso facto* constitutes a disseisin of the

owner and a termination of the tenancy at will, the rule in fact was otherwise. There was disseisin only at the option or by election of the owner, and not even prima facie, as the cases subsequently decided and Butler & Hargrave's Notes to the text (§ 71, p. 57.a.) clearly show. The doctrine of disseisin by election, as it came to be called, was expounded at length by Lord Mansfield in Taylor v. Horde (Atkyns case), 1 Burr. 60, 97 Reprint 190. While the purposes of the rule were to give the owner a remedy by novel disseisin and to effectuate the intention of the parties, and while the first-mentioned purpose has long since ceased to exist, the latter has not. Disseisin by election is a settled rule of the common law. Varick v. Jackson, 2 Wend. (N. Y.) 166, 19 Am. D. 571.

Where a tenant at will subleases to a third party, who takes possession under the sublease, there is no disseisin of the owner except at his election. He may ignore the sublease altogether, treat it as valid as between his lessee and the sublessee, or treat it as a disseisin terminating the tenancy at will. Where the owner does not elect to claim a disseisin, the sublease will be good as between the parties. In Blunden v. Baugh, 4 Cro. Car. 302, 79 Reprint 864, it was held that a sublease for a term of 21 years by a tenant at will to a third party, who entered upon the premises under the sublease, did not operate as a disseisin of the owner or a termination of the tenancy at will, except at the election of the owner of the land, and that where he did not elect to claim a disseisin the sublease was good as between the parties thereto. In holding that there was no disseisin except by the election of the owner, it was said (4 Cro. Car. 303, 79 Reprint 865) : "the law will not impute nor construe it to be a disseisin unless at the election of Charles Earl of Nottingham [the sublessor's lessor], when as none of the parties intended it to be a disseisin, nor to oust him of the possession: * * *." In Cook v. Cook, 28 Ala. 660, 668, it was held that a sublease for a term of one year by a tenant at will under which the sublessee entered did not terminate the lease and operate as a disseisin of the owner except at the latter's election. The court said:

"The general doctrine is, that a tenancy at will is not assignable, and that the making of a lease terminates the tenancy at will, and converts the tenant at will into a disseizor; but this rule must be understood with this qualification, that the making of a lease by the tenant at will has such an effect at the *election only of the owner* of the land. No other person than the owner has the right to *elect* to regard the lease of the land, which is the subject of the tenancy at will, as a termination of the tenancy."

In Public Service Co. v. Voudomas, 84 N. H. 387, 151 A. 81, 70 A. L. R. 480, *supra*, a sublease of part of the leased premises by a tenant at will was held good as between the parties.

In Reckhow v. Schanck, 43 N. Y. 448, 450, the court said:

"* * * A tenant at will is disqualified from granting a lease available against any one but himself; for the demise would amount to a termination of the will, and it would be *optional* with the landlord to regard the entry of the lessee of the tenant at will as a disseizin. * * * The defendants have not shown any permission from the plaintiff to enter upon the premises, and they were therefore trespassers, and not entitled to notice to quit." (Italics supplied.)

In Washburn, Real Property (6 ed.) § 765, *supra*, the text says that a tenant at will can transfer no interest "which will avail against the owner of the land."

Where the owner does not elect to regard a sublease by his tenant at will as a disseisin, the sublessee's interest can endure only as long as does the tenancy at will of the sublessor under whom he holds. Annotation, 70 A. L. R. 488; Note, 15 Minn. L. Rev. 120. But it does not follow from the mere fact that a tenancy at will is determinable at will and consequently of uncertain duration that the tenancy of a tenant at will and that of his sublessee might not endure for a very considerable period of time. Many such tenancies have been of longer duration than some tenancies for fixed terms, as such cases as Blunden v. Baugh, 4 Cro. Car. 302, 79 Reprint 864, and Cook v. Cook, 28 Ala. 660, *supra*, clearly

show. It is to be remembered that a tenancy at will does not expire by mere efflux of time and can be terminated only by act of the parties or by notice given pursuant to § 504.06. Johnson v. Theo. Hamm Brg. Co. 213 Minn. 12, 4 N. W. (2d) 778; Oesterreicher v. Robertson, 187 Minn. 497, 245 N. W. 825, 86 A. L. R. 1344; Hunter v. Frost, 47 Minn. 1, 49 N. W. 327. Because the owner here did not terminate plaintiffs' tenancy at will, it endured beyond the time for which the premises were sublet to defendant. After the expiration of defendant's subtenancy, plaintiffs became entitled to possession of the premises.

■ The sublease did not operate as an assignment. By its terms, a right of possession and reëntry to continue in possession of the leased premises after the expiration of the subtenancy was reserved by the sublessors. Of course the duration of the reversion depended on whether the owner should elect to terminate the tenancy at will by notice to quit, but until the notice was given the tenancy continued in effect. Where a lessee transfers the whole term for which premises were leased to him, leaving no reversionary interest in himself, it amounts to an assignment, regardless of the form of the instrument. Where a lease is assigned, the assignor parts with all interest in the leased premises and the assignee becomes the tenant of the owner. But, where the transfer is a lease of the premises for only a portion of the unexpired balance of the term, the transaction is a sublease, and the sublessee holds as tenant of the sublessor and the sublessor continues to hold as tenant of the lessor. Davidson v. Minnesota L. & T. Co. 158 Minn. 411, 197 N. W. 833, 32 A. L. R. 1418; 4 Dunnell, Dig. & Supp. §§ 5406 and 5408. Of course, plaintiffs as tenants at will had no *term,* but that is no reason why the rules applicable to assignments and subleases should not be applied in determining the rights of the parties. Here, the parties clearly intended a sublease. The transaction was couched in terms of subletting, not of assignment. The owner continued to regard plaintiffs as his tenants by so listing them with OPA, and still so regards them. The intention was that plaintiffs' tenancy should continue until after the expiration

of. the sublease, at which time they were to resume possession. Defendant was to have possession for only part of the time that it was contemplated plaintiffs' tenancy would endure; then possession was to revert to plaintiffs. Regardless of whether this constitutes a technical reversion, it was such a reversion and reservation of right as to make the transaction, under the rules laid down in the Davidson case, a sublease rather than an assignment. Although both plaintiffs' tenancy at will and defendant's tenancy as plaintiffs' sublessee might have been terminated by the owner at the very outset by his electing to claim a disseisin, if plaintiffs sublet to defendant, instead of consenting to the subletting, and at any time thereafter by his giving plaintiffs the statutory notice to quit, the plain fact is that the owner did neither, and that the intention of the parties, except as to the surrender of the premises by defendant, has been accomplished. The transaction being a sublease and not an assignment, the relation between plaintiffs and defendant was that of landlord and tenant.

The fact that defendant paid the rent directly to the owner during the subtenancy does not establish as a matter of law that there was an assignment. Acceptance of rent by the owner directly from one occupying the premises under his lessee is not incompatible with the existence of the lease. Hildebrandt v. Newell, 199 Minn. 319, 272 N. W. 257; McAllister v. Miller, 130 Kan. 77, 285 P. 532. So, here, the acceptance by the owner of the rents from defendant did not *ipso facto* make defendant the owner's tenant. In view of the understanding of the parties that defendant was to be plaintiffs' tenant, it is compatible with the relation of landlord and tenant between the owner and plaintiffs.

■ No statutory notice to quit. is necessary where the parties have fixed the time or the event for the lease to terminate. 32 Am. Jur., Landlord and Tenant, § 993; 35 C. J., Landlord and Tenant, § 202. As said in Right d. Flower v. Darby, 1 Term R. 159, 162, 99 Reprint 1029, 1030:

"When a lease is determinable on a certain event, or at a particular period, no notice to quit is necessary, because both parties are equally apprized of the determination of the term."

Here, the sublease was determinable upon the return of plaintiff Robert O. Anderson from the armed forces. That event having occurred, nothing more was required to terminate the sublease. No notice to quit was necessary. Because of that fact, the OPA notice to vacate is important only as authorizing plaintiffs to maintain this action.

■ Because plaintiffs and defendant occupied the relation of landlord and tenant and because plaintiffs were entitled to possession of the subleased premises, plaintiffs were entitled to maintain an action for unlawful detainer to recover possession thereof. Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454. The case of Steele v. Bond, 28 Minn. 267, 9 N. W. 772, is cited contra. It is sufficient to say that for present purposes the cited case has been adequately distinguished in the Alworth case and that it is not necessary now to go over the grounds of the distinction again. A tenant at will may maintain such an action. Annotation, 7 Ann. Cas. 924-925.

Our conclusion is that plaintiffs became entitled to possession of the premises upon the return of plaintiff Robert O. Anderson from the armed forces and entitled to maintain this action to recover the same.

Affirmed.