**SOUTHCROSS COMMERCE CENTER, LLP, Appellant,**

v.

**TUPY PROPERTIES, LLC, Defendant,**

**RHS Realty, LLC, Respondent.**

No. A08–1324.

Court of Appeals of Minnesota.

June 16, 2009.

Robert J. Bruno, Robert J. Bruno, Ltd., Burnsville, MN, for appellant.

Wayne E. Gilbert, Eagan, MN, for respondent.

Considered and decided by Chief Judge TOUSSAINT, presiding; HUDSON, Judge; and HARTEN, Judge.*

## OPINION

HUDSON, Judge.

In this action for rent due under a lease, appellant Southcross Commerce Center, LLP, argues that it was error for the district court to (1) grant summary judgment to respondent RHS Realty (RHS) and (2) deny appellant's motion for summary judgment. Because RHS was precluded from obtaining summary judgment, we reverse the district court's grant of summary judgment to RHS. Additionally, because the district court made no findings or conclusions as to whether RHS overcame the presumption of assignment, we remand for a reconsideration of appellant's motion for summary judgment.

## FACTS

On February 27, 2006, appellant entered into a lease agreement with Tupy Properties, LLC (Tupy), whereby Tupy leased office and warehouse space from appellant. The lease expressly prohibited Tupy from assigning or subletting the space without appellant's permission, but it contained an addendum that approved the assignment and sublease of the space to HomStarU-SA—a separate entity that was related to Tupy and controlled by Tupy's president. HomStarUSA began occupying the space shortly after the beginning of the lease term.

Appellant and Tupy entered into another addendum by which Tupy agreed to lease additional space from appellant in the same building. The second addendum provided that Tupy could sublease the space to respondent RHS, which was in the process of purchasing some of HomStarUSA's assets. Through its negotiations with HomStarUSA, RHS reserved "[t]he right, but not the requirement, to negotiate subleases with [HomStarUSA] for real estate leased by [HomStarUSA.]"

Around October 1, 2006, RHS moved into the leased space. RHS did not have a written agreement with appellant, HomStarUSA, or Tupy as to the length of RHS's occupancy. Instead, there was only an oral agreement between RHS and Tupy's president that RHS would "pay the rent that [Tupy] was paying." On November 15, 2006, Tupy's president submitted to RHS a written sublease agreement in which Tupy proposed to sublease the leased space to RHS for the entire term of the lease. The written sublease was never executed because RHS did not agree to its terms. RHS also attempted to negotiate an agreement directly with appellant with respect to RHS's occupancy, but no agreement could be reached.

RHS vacated the space at the end of April 2007. HomStarUSA removed the last of its boxes from the space the following month. At the time that HomStarUSA removed the remainder of its boxes, approximately two years remained on Tupy's lease with appellant. Appellant filed a complaint against Tupy and RHS, seeking unpaid rent and expenses from January 2007 through June 2007, as well as accelerated rent and expenses for the remaining term of the lease. A partial default judgment was entered against Tupy after it failed to answer the complaint.

Appellant subsequently moved the district court for summary judgment against

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

RHS, arguing that RHS was a presumed assignee to the lease under operation of law and that RHS was therefore liable for the rent due under the lease. RHS also moved the district court for summary judgment, claiming that there was no evidence showing that RHS was an assignee to the lease; rather, the evidence only established that RHS was a subtenant of Tupy and therefore RHS had no liability under the lease. The district court granted RHS's motion for summary judgment, concluding that appellant put forth no facts to support a claim of assignment by operation of law. This appeal follows.

## ISSUES

I. Did the district court err by granting summary judgment to RHS?

II. Did the district court err by denying appellant's motion for summary judgment?

## ANALYSIS

### I

Appellant challenges the district court's grant of summary judgment to RHS. Summary judgment is appropriate "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citing Minn. R. Civ. P. 56.03). On appeal from summary judgment, we review the record to determine whether there is any genuine issue of material fact for trial and whether, in granting summary judgment, the district court committed an error of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). We "view the evidence in the light most favorable to the party against whom judgment was granted." *Bellomo,* 504 N.W.2d at 761.

The moving party has the burden of showing the absence of a genuine issue of material fact. *Anderson v. State Dep't of Natural Res.,* 693 N.W.2d 181, 191 (Minn. 2005). To defeat a summary-judgment motion, the nonmoving party cannot rely on denials or general averments, but must offer specific facts to show that there is a genuine issue of material fact for trial. Minn. R. Civ. P. 56.05; *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). No genuine issue of material fact exists "when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc.,* 566 N.W.2d at 71; *see also Schroeder v. St. Louis County,* 708 N.W.2d 497, 507 (Minn.2006) ("A party need not show *substantial evidence* to withstand summary judgment. Instead, summary judgment is inappropriate if the nonmoving party has the burden of proof on an issue and presents *sufficient evidence* to permit reasonable persons to draw different conclusions.").

"A lease is both an executory contract and a present conveyance, and creates a privity of contract and a privity of estate between the lessor and the lessee." *Davidson v. Minn. Loan & Trust Co.,* 158 Minn. 411, 415, 197 N.W. 833, 834 (1924.) When the lessee transfers all of its interest in the lease to another for the entire term of the lease, an assignment of the lease occurs and privity of estate is created between the original lessor and assignee, "giv[ing] the original lessor the right to enforce against the [assignee] all the covenants which run with the land, including the covenant to pay rent." *Id.* at 415–16, 197 N.W. at 834–35; *see also*

*Baehr v. Penn–O–Tex Oil Corp.*, 258 Minn. 533, 536, 104 N.W.2d 661, 664 (1960) (stating that "[a]n assignment occurs where, and only where, a lessee transfers his entire interest" and that "the liability of an assignee arises by privity of estate."); *Anderson v. Ries*, 222 Minn. 408, 414, 24 N.W.2d 717, 721 (1946) ("Where a lessee transfers the whole term for which premises were leased to him, leaving no reversionary interest in himself, it amounts to an assignment. . . .").

But when a tenant transfers less than its entire interest under the lease, or transfers its interest for less than the whole term of the lease, it creates a subtenancy. *Warnert v. MGM Props.*, 362 N.W.2d 364, 367 (Minn.App.1985), *review denied* (Minn. Apr. 18, 1985); *see also Anderson*, 222 Minn. at 414, 24 N.W.2d at 721 ("[W]here the transfer is a lease of the premises for only a portion of the unexpired balance of the term, the transaction is a sublease. . . ."). "Neither privity of estate nor privity of contract exist[s] between the subtenant and the [original] lessor." *Warnert*, 362 N.W.2d at 367.

Accordingly, in order for appellant to hold RHS liable for the unpaid rent under the lease, appellant must establish that RHS was an assignee to the lease and not just a subtenant of Tupy. Appellant acknowledges that there is no written assignment of the lease between Tupy and RHS, but it contends that RHS was an assignee by operation of law. The district court concluded that appellant put forth no facts to support a claim of assignment by operation of law. We disagree.

"Even without a formal assignment, one in possession may be an equitable assignee and subject to the covenants and obligations of the lease." *Baehr*, 258 Minn. at 536, 104 N.W.2d at 664. There is a rebuttable presumption that a third party in possession of leased premises is there as an assignee of the lessee. *O'Neil v. A.F. Oys & Sons*, 216 Minn. 391, 394, 13 N.W.2d 8, 10 (1944) (" 'When a third person is in possession of leased premises under the lessee, the law presumes that the lease has been assigned by the lessee to such person.' " (quoting *Dickinson Co. v. Fitterling*, 69 Minn. 162, 164, 71 N.W. 1030, 1031 (1897))). "In all civil actions . . ., a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." Minn. R. Evid. 301.

Appellant put forth uncontroverted evidence that RHS began occupying the leased space on or about October 1, 2006, and continued to occupy the space until April 2007. The district court specifically found that "RHS Realty occupied all or a portion of [the leased space] from October 2006 to April 2007." Under *Baehr*, this undisputed evidence conclusively established a rebuttable presumption that RHS was an assignee to the lease, requiring RHS to come forward with evidence to rebut the presumption of assignment. Therefore, the district court erred by holding that appellant failed to put forth facts to support a claim of assignment by operation of law.

Having concluded that there is a rebuttable presumption that RHS was an assignee to the lease, we must now examine what effect, if any, this presumption has on RHS's motion for summary judgment. In Minnesota, it has yet to be determined how a rebuttable presumption in favor of the nonmoving party to a summary-judgment motion affects the district court's summary-judgment analysis. But several foreign jurisdictions have held that such a presumption precludes summary judgment in favor of the moving party. *See, e.g., RBC Ministries v. Tompkins*, 974 So.2d 569, 571 (Fla.Dist.Ct.App.2008) ("[W]here

there is evidence supporting the existence of a rebuttable presumption with respect to a material issue and the moving party bears the burden of disproving the presumed fact, the moving party is precluded from obtaining summary judgment."); *Estate of Cordero ex rel. Cordero v. Christ Hosp.*, 403 N.J.Super. 306, 958 A.2d 101, 109 (2008) (reversing summary judgment in favor of defendant hospital where plaintiffs were entitled to rebuttable presumption); *Espinal by Castillo v. 570 W. 156th Assocs.*, 174 Misc.2d 860, 667 N.Y.S.2d 223, 228 (1997) (holding that summary judgment in favor of landlord was precluded where there was rebuttable presumption that landlord had notice of lead-paint hazard), *aff'd* 258 A.D.2d 309, 685 N.Y.S.2d 199 (1999); *Mitchell v. Mitchell*, 756 A.2d 179, 183 (R.I.2000) (finding that evidence tending to rebut a rebuttable presumption creates an issue for the trier of fact to resolve).

We find these cases persuasive, and we hold that when a nonmoving party to a summary-judgment motion puts forth undisputed evidence that conclusively establishes a rebuttable presumption in its favor, the moving party is precluded from obtaining summary judgment. Once the nonmoving party has established a rebuttable presumption in its favor, a genuine issue of material fact is created as to whether the presumption can be overcome by the moving party. Determining whether the moving party has rebutted the presumption requires the weighing of available evidence against the presumption, which is not appropriately undertaken in summary-judgment proceedings.

We note that our decision does not affect the traditional summary-judgment analysis. The nonmoving party that merely wishes to survive a summary-judgment motion—as opposed to the party attempting to establish a rebuttable presumption in its favor and thereby preclude summary judgment as a matter of law—need not put forth undisputed evidence or conclusively establish favorable facts. Rather, consistent with the current authority, the nonmoving party that merely seeks to survive summary judgment is only required to show that there is a genuine issue of material fact for trial.[1] *DLH, Inc.*, 566 N.W.2d at 69.

Appellant, as the nonmoving party to RHS's motion for summary judgment, put forth undisputed evidence that conclusively established a rebuttable presumption that RHS was an assignee to the lease. RHS was thus required to come forward with evidence to rebut the presumption, which created a genuine issue of material fact and precluded RHS from obtaining summary judgment. As a result, we reverse the district court's grant of summary judgment to RHS.

## II

Next, appellant argues that the district court erred by denying its motion for summary judgment because RHS did not come forward with sufficient evidence to rebut the presumption that it was an assignee of the lease. "Once the basic facts that give rise to [a] presumption are established the opponent must produce ev-

---

1. We further note that summary judgment is not precluded in cases where the nonmoving party alleges, but fails to conclusively establish, a rebuttable presumption in its favor. Instead, the moving party to a summary-judgment motion is precluded from obtaining summary judgment *only* when the nonmoving party conclusively establishes, through undisputed evidence, a rebuttable presumption in its favor. Where the nonmoving party alleges but fails to conclusively establish a rebuttable presumption in its favor, the traditional summary-judgment analysis applies to the moving party's summary-judgment motion.

idence to rebut the assumed fact or a verdict will be directed on the issue." Minn. R. Evid. 301 comm. cmt. 1977. The supreme court has "characterized the burden of rebutting an evidentiary presumption as presenting essentially any 'competent evidence' " to the contrary. *Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 522 (Minn.2007) (quoting *Shell Oil Co. v. Kapler*, 235 Minn. 292, 300, 50 N.W.2d 707, 713 (1951)).

■ We begin by noting that the aforementioned preclusion to summary judgment is not applicable here because the rebuttable presumption now favors the moving party. When a rebuttable presumption exists in favor of the *nonmoving* party, the mere existence of the presumption precludes summary judgment for the moving party because that moving party must come forward with evidence to rebut the presumption, thereby creating a genuine issue of material fact. But when a rebuttable presumption exists in favor of the *moving* party, the nonmoving party is required to rebut the presumption in order to survive summary judgment. Therefore, when a rebuttable presumption rests with the moving party, the mere existence of the presumption does not create a genuine issue of material fact, and summary judgment is not precluded.

RHS asserts that the presumption here was overcome because the evidence shows that Tupy agreed to transfer less than its entire interest in the leased space to RHS, thereby making RHS a subtenant under the lease, not an assignee. But the district court—presumably because it determined that appellant did not establish a presumption in its favor—made no findings or conclusions as to whether RHS overcame the presumption of assignment. We decline to make findings or draw conclusions as to RHS's assertion for the first time on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (holding that an appellate court should not address issue not decided by the district court, especially when the facts are in dispute); *Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966) ("It is not within the province of [appellate courts] to determine issues of fact on appeal.").

Further, while we acknowledge that there is some evidence in the record to support RHS's contention, the record is underdeveloped on several key issues that are important to RHS's claim. For example, the district court found that "RHS Realty occupied all or a portion of [the leased space] from October 2006 to April 2007." But there are two leased spaces in this case, and the record is unclear as to whether RHS occupied all or just a portion of the first leased space, all or just a portion of the second leased space, or some combination thereof. In our view, the precise scope of RHS's occupancy goes directly to the key issue presented in appellant's summary-judgment motion: whether there is evidence that Tupy agreed to relinquish anything less than its entire interest in the leased spaced to RHS.

Therefore, we remand to the district court for a reconsideration of appellant's motion for summary judgment and a determination of whether RHS has put forth competent evidence to rebut the presumption of assignment. On remand, the parties may supplement the record, as appropriate, regarding the presumption of assignment. *See Brown v. Muetzel*, 358 N.W.2d 725, 728–29 (Minn.App.1984) (remanding so that "the parties can supplement the record and the [district] court can consider its order in light of better-developed facts").

## DECISION

In response to RHS's motion for summary judgment, appellant established a re-

buttable presumption in its favor. As a result, RHS was precluded from obtaining summary judgment, and we reverse the district court's grant of summary judgment to RHS. Further, because the district court made no findings or conclusions as to whether RHS overcame the presumption of assignment, we remand to the district court to reconsider appellant's motion for summary judgment and determine whether RHS has put forth competent evidence to rebut the presumption of assignment

**Reversed and remanded.**