*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2105**

Pro-T, LLC,
Appellant,

vs.

C O Brown Agency, Inc.
d/b/a Lawrence-Bohmbach Insurance Agency,
a "Trusted Source" Independent Insurance Agency, et al.,
Respondents.

**Filed August 10, 2015
Reversed and remanded
Schellhas, Judge**

Hennepin County District Court
File No. 27-CV-13-20799

Timothy A. Sullivan, Kerry C. Raymond, Best & Flanagan LLP, Minneapolis, Minnesota
(for appellant)

Mark A. Solheim, Paula Duggan Vraa, Jennifer L. Young, Larson • King, LLP, St. Paul,
Minnesota (for respondents)

Considered and decided by Larkin, Presiding Judge; Schellhas, Judge; and Reyes,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

In this case involving claims of negligent procurement of insurance and breach of
fiduciary duty, appellant challenges summary judgment for respondent, arguing that the

district court abused its discretion by disregarding appellant's expert's affidavit on the basis that the expert was not qualified. We reverse and remand.

## FACTS

In or about August 2011, appellant Pro-T LLC, acting as general contractor, began converting a single-story building that it owned into a commercial multi-sport facility (conversion project). Terry Lynner, Pro-T's sole member and chief manager, asked respondent Jay Bohmbach, an insurance producer and Lynner's longtime friend, to fulfill Pro-T's insurance needs in connection with the conversion project.[1] Bohmbach first procured property and general liability insurance from West Bend Mutual for Pro-T. Bohmbach also toured the building with Lynner and discussed the conversion project with him. In or about November 2011, Bohmbach procured builder's risk insurance from Hanover Insurance Co. for Pro-T. After procuring the builder's risk insurance and before August 31, 2012, Bohmbach toured the building with Lynner at least two more times.

By September 1, 2012, the conversion project had progressed to the removal of the walls and roof on the east side of the building and the erection of about 11 steel beams in the building. On that day, one of the steel beams tipped over, knocking down the other beams in a "domino reaction" that resulted in damage to the foundation, the foundation

---

[1] The parties do not dispute that Jay Bohmbach was, at all relevant times, an employee of respondent C O Brown Agency Inc., d/b/a/ Lawrence-Bohmbach Insurance Agency. C O Brown may be vicariously liable for Jay Bohmbach's tortious acts and/or omissions, if any. *See D.M.S. v. Barber*, 645 N.W.2d 383, 390 (Minn. 2002) (stating that "[u]nder the well-established principle of respondeat superior, an employer is vicariously liable for the torts of an employee committed within the course and scope of employment"). Consequently, this opinion refers to Jay Bohmbach and C O Brown, individually or collectively, as "Bohmbach."

support system, the walls on the west side of the building, and the beams themselves. Pro-T submitted a claim to Hanover in the amount of $1,450,000, seeking coverage under its builder's risk policy. Hanover rejected all but $82,957.86 of that claim. Pro-T sued Hanover, alleging wrongful denial of coverage under its builder's risk policy.[2] Pro-T also sued Bohmbach in a separate action, asserting claims of negligence, breach of fiduciary duty, and breach of contract. The district court granted summary judgment to Bohmbach on the ground that Pro-T was required to, and failed to, offer admissible expert testimony to support its claims.

This appeal follows.[3]

## D E C I S I O N

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Minn. R. Evid. 702. "[E]xpert testimony is admissible if: (1) the witness is qualified as an expert; (2) the expert's opinion has foundational reliability; (3) the expert testimony is helpful to the jury; and (4) if the testimony involves a novel scientific theory, it must satisfy the *Frye-Mack* standard." *State v. Obeta*, 796 N.W.2d 282, 289 (Minn. 2011). "All expert testimony must satisfy the first three parts of the Rule 702 test." *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 164 (Minn. 2012).

---

[2] Pro-T indicates in its principal brief that the insurance-coverage action resulted in a settlement. The record does not contain evidence of any such settlement.

[3] Pro-T does not appeal summary judgment on its breach-of-contract claim.

"[The supreme court] ha[s] repeatedly emphasized that the most important factor for determining an expert witness's qualifications under Rule 702 is practical experience." *Beck v. Cnty. of Todd*, 824 N.W.2d 636, 640 (Minn. 2013). "Minnesota courts typically have been 'liberal' in qualifying experts by virtue of their experience." *Poppler v. Wright Hennepin Coop. Elec. Ass'n*, 834 N.W.2d 527, 538 (Minn. App. 2013) (quoting *State v. Moore*, 458 N.W.2d 90, 96 (Minn. 1990)), *aff'd*, 845 N.W.2d 168 (Minn. 2014). Appellate courts review a district court's determination of expert witness qualification for abuse of discretion. *Goeb v. Tharaldson*, 615 N.W.2d 800, 815 (Minn. 2000). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is inconsistent with the facts in the record." *In re Pamela Andreas Stisser Grantor Trust*, 818 N.W.2d 495, 508 (Minn. 2012).

Pro-T opposed Bohmbach's summary-judgment motion on its claims of negligence and breach of fiduciary duty with an affidavit of its proposed insurance expert, Paul Amoruso. Amoruso opined, among other things, that Bohmbach owed certain duties to Pro-T, that Bohmbach breached those duties, that Bohmbach's breach proximately caused Pro-T damages, and that Bohmbach and Pro-T had a "special relationship." Reasoning that neither Amoruso's affidavit nor his curriculum vitae (CV) addressed "his knowledge, skill, experience, training, and education for soliciting[,] . . . obtaining[, or adjusting] commercial builder's risk policies," the district court determined that Amoruso was not qualified to give expert testimony in support of Pro-T's claims. We disagree.

Amoruso's affidavit and CV clearly demonstrate that he is a seasoned insurance professional. In his affidavit, Amoruso stated that "[he] ha[s] worked in the insurance industry as a risk manager, producer, and consultant for over 30 years." The affidavit and CV indicate that Amoruso is licensed to sell personal and commercial lines of property and casualty insurance in Massachusetts, Connecticut, Florida, and New Jersey and that he has been an instructor at The Saval Education Center at The Massachusetts Insurance Library for about 12 years. Amoruso's CV states that, in connection with his consulting work, Amoruso "[t]estif[ies] at trials as to accepted insurance practices," "[p]rovide[s] insight on insurance issues to insurance companies and law firms," and "[r]espond[s] to issues concerning insurance companies and insurance agents." In light of the liberal, experience-centered test for expert qualification, *see Poppler*, 834 N.W.2d at 538, the record leads us to conclude that the district court abused its discretion in determining that Amoruso was not qualified to give expert testimony in support of Pro-T's claims.

We remand to the district court for application of the second and third parts of the four-part test for admissibility of expert testimony. *See Archdiocese of St. Paul*, 817 N.W.2d at 164; *Obeta*, 796 N.W.2d at 289. If the district court determines that Amoruso's testimony is admissible under that test, the court shall reconsider Bohmbach's summary-judgment motion in light of that testimony. *See Southcross Commerce Ctr., LLP v. Tupy Props., LLC*, 766 N.W.2d 704, 711 (Minn. App. 2009) (reversing summary judgment for defendant, which judgment resulted from district court's failure to apply rebuttable presumption in plaintiff's favor, and remanding for district court to reconsider plaintiff's cross-motion for summary judgment after determining whether defendant

rebutted presumption); *Doe v. F.P.*, 667 N.W.2d 493, 495, 500 (Minn. App. 2003) (reversing summary judgment with respect to claims dismissed based on district court's erroneous conclusion that statutes were unconstitutional and remanding for district court to reconsider cross-motions for summary judgment in light of statutes' constitutionality, reasoning that "[t]his court cannot address what the district court did not address" (citing *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988))), *review denied* (Minn. Oct. 21, 2003).

We also note that the district court determined that admissible expert testimony was required to establish the duty and breach elements of Pro-T's claims of negligence and breach of fiduciary duty. Because Pro-T does not expressly challenge that determination on appeal, we do not address it. *See In re Application of Olson for Payment of Servs.*, 648 N.W.2d 226, 228 (Minn. 2002) (stating that "[i]t is axiomatic that issues not argued in the briefs are deemed waived on appeal" (quotation omitted)).

**Reversed and remanded.**